UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

Todd County, Wadena County and Otter Tail
County, municipal subdivisions of the State of
Minnesota,

        Plaintiffs/Counterclaim Defendants/Debtors,

vs.

Barlow Projects, Inc., a Colorado corporation,

        Defendant/Counterclaimant/Judgment
        Creditor/Plaintiff on Supplemental
        Complaint,

vs.

Minnesota Counties Insurance Trust,

        Garnishee/Defendant on Supplemental
        Complaint.

Civil File No.: 04-CV-4218 ADM/RLE

---

**ANSWER TO SUPPLEMENTAL COMPLAINT OF
GARNISHEE/PLAINTIFF ON SUPPLEMENTAL COMPLAINT
BARLOW PROJECTS, INC.**

---

Garnishee/Defendant on Supplemental Complaint Minnesota Counties Insurance Trust (hereinafter MCIT), as and for its Answer to the Supplemental Complaint of Barlow Projects, Inc. (hereinafter Barlow), states and alleges as follows:

    1.      Denies each and every matter, allegation and thing contained in said Complaint, except that which is hereinafter admitted or otherwise qualified.

    2.      Admits the allegations contained in Paragraph 1 of the Supplemental Complaint, that Barlow is attempting to bring this matter pursuant to the Uniform Declaratory Judgment Act,

Minn. Stat. § 555.01, *et. seq.*, and a *Miller v. Shugart* Settlement Agreement and Assignment of Claims but denies that such action is proper or appropriate.

3.     Admits the allegations contained in Paragraph 2 of the Supplemental Complaint to the extent that MCIT admits that a justiciable controversy exists but denies that Barlow has any right to pursue this type of agreement in this or any other court.

4.     MCIT denies the allegations contained in Paragraph 3 of the Supplemental Complaint.

5.     MCIT affirmatively alleges that the parties entered into a written agreement whereby MCIT chose not to object to the jurisdiction of this Court. A copy of that agreement is attached hereto and marked as Exhibit A.

6.     MCIT admits the allegations contained in Paragraph 4 of the Supplemental Complaint.

7.     MCIT admits the allegations contained in Paragraph 5 of the Supplemental Complaint to the extent that it describes Barlow but denies that Barlow is in any way a proper assignee under the Counties insurance policies or coverage agreement with MCIT.

8.     MCIT admits the allegations contained in Paragraphs 6, 7, 8, 9, 10, 11, 12 and 13 of the Supplemental Complaint.

9.     MCIT admits the allegations contained in Paragraph 14 of the Supplemental Complaint to the extent that MCIT provided certain coverages to the Counties via its 2005 Coverage Document, the terms, conditions and exclusions of which are incorporated herein by reference as though fully set forth.

10.     MCIT affirmatively alleges that MCIT is a joint powers organization that issued a Coverage Document and that it is an entity that is controlled and limited by a Joint Powers

2

Agreement and Bylaws of which the Counties were aware and consented to as part of their participation in the MCIT program, the terms of said Joint Powers Agreement and Bylaws are incorporated herein by reference as though fully set forth.

11.     MCIT admits the allegations contained in Paragraph 15 of the Supplemental Complaint to the extent that its Coverage Document provides coverage for public official liability under certain conditions but denies the balance of the allegations and incorporates the terms, conditions and exclusions of the Coverage Document with regard to the same.

12.     MCIT admits the allegations contained in Paragraph 16 of the Supplemental Complaint to the extent that its Coverage Document provides coverage for wrongful acts of public officials under certain conditions but alleges that said coverages are limited by the terms, conditions and exclusions of the Coverage Document.

13.     MCIT admits the allegations contained in Paragraph 17 of the Supplemental Complaint to the extent that the Coverage Document does impose some duty to defend its members under certain conditions and affirmatively alleges that said duty to defend is limited by the terms, conditions and exclusions of the Coverage Document.

14.     MCIT admits the allegations contained in Paragraphs 18 and 19 of the Supplemental Complaint.

15.     MCIT affirmatively alleges that Section 7.11 of the MCIT Bylaws provides the sole method for resolution of Member coverage disputes which states:

> The Board has sole responsibility for resolving Member disputes, including but not limited to coverage (decisions to defend or not defend and/or indemnify), membership status, dividends or assessments and Trust dissolution. A Member may, in writing addressed to the MCIT Executive Director, request a hearing regarding a dispute.
>
> 1.     Disputes involving an MCIT decision to defend or not defend and/or indemnify the following process shall apply:

3

a.    The member shall submit to the board or their designee a written Notice of Appeal within 21 calendar days of the date of the decision that is appealed. The Notice of Appeal shall contain the following:

    (1).    Identification of the decision being appealed.

    (2).    A statement of the issue(s) for the Board's consideration, including copies of all documents, letters and other items relevant to the appeal.

    (3).    A summary of the position and arguments of the Member.

    (4).    The disposition requested by the Member.

    (5).    The anticipated length of hearing including a list of all witnesses and presenters to be utilized by the Member at the hearing.

b.    Upon receipt of the Notice of Appeal, the board or the designee shall set a date and time for hearing, and notify the appealing Member of the same.

c.    The hearing of the appeal shall be conducted as follows:

    (1).    The Member shall make its presentation to the Board. The Member may present oral and/or written argument, and may submit whatever documentation it determines appropriate, including proposed Findings of Fact and Conclusions.

    (2).    MCIT staff shall then present the argument and documentation in support of the decision being appealed, including proposed Findings of Fact and Conclusions.

    (3).    The hearing shall be recorded. The record shall be preserved by MCIT for at least 24 months from the date of the Board's decision concerning the appeal.

4

      (4).     At the conclusion of the presentations, the Board shall deliberate and make a determination. The Board shall adopt written Findings of Fact and Conclusions in support of its decision.

      (5).     All notices of appeal regarding a request of a variance of the Coverage Document shall follow the same procedures set forth above.

           A member may request that the Board provide a variance from the terms of the Agreement, Bylaws, and Coverage Document. Such request shall identify that the member seeks a variance and does not dispute the basis for the decision; and sets forth the reasons that a variance is necessary.

All decisions of the Board shall be final and binding on the Member and the Board, subject to the terms of the Agreement, Bylaws and Coverage Document.

16.    MCIT affirmatively alleges that on June 8, 2005, MCIT properly denied coverage to the Counties pursuant to the Contractual Penalties, Breach of Contract exclusion contained with the 2005 Coverage Document which excludes:

Any "Claim" based upon **breach of contract** or other obligation, including an obligation arising out of a written agreement on behalf of a "Member" to anther person or entity. This clause specifically excludes any coverage for "damages" or "Claim Expenses" based upon, caused by, or arising from breach of contract, cost estimate overruns on any contract or project, or any penalties for failure to comply with a contractual obligation or other duties assumed as a result of a written agreement.

A copy of MCIT's June 8, 2005, denial is attached hereto and marked as Exhibit B.

17.    MCIT affirmatively alleges that on June 16 and 17, 2005, the Counties appealed the MCIT decision pursuant to Section 7.11 of the MCIT Bylaws.

18.    MCIT affirmatively alleges that on July 20, 2005, MCIT denied coverage to the Counties pursuant to the 2005 Coverage Document's Intentional Acts Exclusion which excludes:

> Any "Claim" arising out of a "Wrongful Act" committed intentionally with knowledge of wrongdoing.

A copy of MCIT's June 20, 2005, denial is attached hereto and marked as Exhibit C.

19.    MCIT affirmatively alleges that a "Wrongful Act" is defined in the 2005 Coverage Document as:

> [A]ny actual or alleged error or misstatement or act or omission or neglect or breach of duty including misfeasance, malfeasance, or nonfeasance including violation of civil rights, discrimination, (unless coverage thereof is prohibited by law, but only with respect to liability other than for fines and penalties imposed by law and improper service of process, by the "Covered Party" in their official capacity, individually or collectively, or any matter claimed against them solely by reason of their having service or acted in a official capacity. All "Claims" and "Damages" arising out of the same or substantially same or continuous or repeated "Wrongful Act" shall be considered as arising out of one "Wrongful Act."

20.    MCIT affirmatively alleges that on July 20, 2005, MCIT denied coverage to the Counties pursuant to the 2005 Coverage Document's Fraud, Dishonesty, Malicious and Criminal Acts exclusion, which excludes:

> Any "Claim" arising out of any dishonest, illegal, criminal, malicious or fraudulent act, whether or not intentional, by any "Covered Party".

21.    MCIT affirmatively alleges that on November 9, 2005, the MCIT Board of Directors, pursuant to Section 7.11 of the MCIT Bylaws heard the appeal of the previous coverage determination, having been fully briefed by both the Counties and counsel for MCIT and having heard arguments by the same.

22.    MCIT affirmatively alleges that on November 9, 2005, the MCIT Board of Directors, pursuant to Section 7.11 of the MCIT Bylaws, issued Findings of Fact and Conclusions, denying the appeal of the Counties. Said Findings of Fact and Conclusions are attached hereto as Exhibit D and incorporated herein by reference as though fully set forth.

23.     MCIT affirmatively alleges that the decision of the MCIT Board of Directors is final and binding upon the Counties and Barlow per the MCIT Bylaws.

24.     MCIT admits the allegations contained in Paragraph 20 of the Supplemental Complaint and affirmatively alleges that MCIT was not given notice of said settlement discussions, nor was it allowed to participate in the agreement.

25.     MCIT admits the allegations contained in Paragraph 21 of the Supplemental Complaint to the extent that the *Miller v. Shugart* Settlement Agreement, attached as Exhibit A to the Supplemental Complaint, purports to contain an assignment. MCIT denies that the *Miller v. Shugart* Settlement Agreement and/or assignment is in any way proper or binding upon MCIT or allowed under the MCIT Coverage Document, Joint Powers Agreement and/or Bylaws.

26.     MCIT admits the allegations contained in Paragraphs 22 and 23 of the Supplemental Complaint.

27.     MCIT denies the allegations contained in Paragraphs 24, 25 and 26 of the Supplemental Complaint.

28.     MCIT affirmatively alleges that entering into the *Miller v. Shugart* Settlement Agreement was improper and contrary to the Coverage Document, Joint Powers Agreement, Bylaws of MCIT, applicable law and against public policy.

29.     MCIT affirmatively alleges that Counties elected their remedies by pursuing the appellate provisions contained within the Coverage Document, Joint Powers Agreement and the Bylaws of MCIT and, thus, are unable to validly enter into any type of *Miller v. Shugart* Settlement Agreement and/or assignment.

7

30.   MCIT affirmatively alleges that the Counties, through their participation in the coverage appeal process, as enumerated in the MCIT Bylaws section 7.11 have waived their right to suit and accordingly, cannot assign the same.

31.   MCIT affirmatively alleges that Barlow has failed to state a claim upon which relief can be granted.

32.   MCIT affirmatively alleges that the *Miller v. Shugart* Settlement Agreement, attached as Exhibit A to the Supplemental Complaint, was unreasonable, and/or the result of fraud and/or collusion between Barlow and the Counties.

33.   MCIT affirmatively alleges that pursuant to the terms 2005 MCIT Coverage Document Barlow is precluded from suit as the Coverage Document provides:

> No one may bring legal action against the Minnesota Counties Insurance Trust under this "Coverage Document" unless the action is brought within two (2) years after the date on which the loss or damage occurred.

**WHEREFORE**, MCIT prays that Barlow take nothing by its pretended cause of action and that MCIT have judgment thereon, together with its costs and disbursements sustained herein.

**HANSON LULIC & KRALL, LLC**

Dated:  October 23, 2006

By  _s/ Joel W. Zylstra_
      Tony R. Krall
      Joel W. Zylstra
700 Northstar East
608 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 333-2530

RATWIK, ROSZAK & MALONEY, P.A.


By  *s/Jay T. Squires*
Jay T. Squires, Esq.
300 U.S. Trust Building
730 Second Avenue South
Minneapolis, MN  55402
Telephone: (612) 339-0060
***Attorneys for Garnishee/Defendant on Supplemental Complaint***

G:\HLK\19467\Pldg\Answer(Supp.Compl).doc