DAVID J. HAUSER
## OTTER TAIL COUNTY ATTORNEY
121 WEST JUNIUS, SUITE 320
FERGUS FALLS, MINNESOTA 56537

(218)998-8400
FAX (218)998-8414

ASSISTANTS
KURT A. MORTENSON
MICHELLE M. ELDIEN
NICOLE S.C. HANSEN
CHERIE L. CLARK
RYAN C. CHESHIRE
HEATHER L. BRANDBORG
INVESTIGATOR
SANDRA H. HOLO

June 16, 2005

John Stein, Sr. Claims Representative
Minnesota Counties Insurance Trust
100 Empire Drive, Suite 100
St. Paul, MN 55103-1885


RECEIVED
JUN 2 0 2005
BY:

Re:  Barlow Projects, Inc.
     File No. 102GL0407950 JS

Dear Mr. Stein:

I received a copy of your letter dated June 8, 2005, to Steve Rufer declining representation in the counterclaims by Barlow Projects, Inc. The County is disappointed, and a little surprised, at your decision to decline representation.

The County understands that there is an exclusion for contractual penalties and breach of contract as outlined in Section IV.C. of the coverage documents. However, the claims made by Barlow in its counterclaim are not based upon contracts with any of the counties.

In fact, there are no contracts between Barlow and any of the counties. (Otter Tail County did have an agreement with Barlow to conduct a feasibility study, however, when it appeared that the County was not going to proceed with a project, the City of Perham stepped in and took over. That original feasibility study is not part of Barlow's counterclaim against the counties.) Not only is there no contract between the counties and Barlow, there is no written agreement creating an obligation for the counties, which Barlow is trying to enforce.

None of Barlow's claims are based on or arising from a breach of contract, cost estimate overruns or any penalties for failure to comply with contractual obligations or any other duties assumed as a result of a written agreement.

All of Barlow's claims are in the nature of torts.

Count 1 is specifically entitled "Tortious Interference with Contract (that is a contract between Barlow and the City of Perham, not Barlow and the County). Count 2 is "Tortious Interference with Prospective Economic Advantage" (again, where the claim specifically states, "as a result of its contract with the City..."). Count 3 is a claim for "Unjust Enrichment." Because there is no contract with the counties, this claim is based in equity, and is not included in the exclusions of the coverage document.

**EXHIBIT L**

Page 2
June 16, 2005

Finally, Count 4, "Civil Conspiracy," is also in the nature of a tort, and specifically relates to Barlow's rights under its agreement with the city and Barlow's relationship with its employees. It in no way relates to any obligation that the counties undertook in a written agreement or contract.

We believe that these counterclaims should be covered under our agreement with MCIT. It is interesting to note that the City of Perham is the subject of similar counterclaims and is being covered by its agreement with the League of Cities. Although I am not familiar with its coverage document, I would think it would have similar exclusion language.

It would appear that the decision on this matter should be made based upon the language of the counterclaim itself, which is in response to the original claim of the County. I am enclosing a copy of the Answer and Counterclaim, as well as a copy of the Complaint of the counties.

If there were a hearing in this matter, I anticipated that it would take an hour, and the County would have its Solid Waste Director, Mike Hanan, give information about the nature of the claims.

We respectfully request that the Insurance Trust reconsider its decision to decline representation in this matter.

Very truly yours,

David J. Hauser

DJH/mk
Enc.

cc:  Gaylord Saetre, Esq.
     Jon Edin, Esq.
     Mr. Mike Hanan
     Otter Tail County Board of Commissioners

**TODD COUNTY ATTORNEY**
TODD COUNTY COURTHOUSE
212 2ND AVENUE SOUTH, SUITE 2
LONG PRAIRIE, MINNESOTA 56347
PHONE: (320) 732-6039
FAX: (320) 732-4120

GAYLORD A. SAETRE
County Attorney

JANE M. GUSTAFSON
JOE E. JUDD
Assistant County Attorneys

June 16, 2005

John Stein, Sr. Claims Representative
Minnesota Counties Insurance Trust
100 Empire Drive, Suite 100
St. Paul, MN 55103-1885

RE: Barlow Projects, Inc.
File No.: 102GL0407950 JS

Dear Mr. Stein:

As with Otter Tail County and Wadena County, we received a copy of your letter of June 8, 2005 declining representation on the counterclaims.

This letter is to be considered Todd County's Appeal and a request for review. Rather than being repetitious, we cite the same claims as Otter Tail County in their letter to you. We join in Otter Tail County in believing that the counterclaims should be covered with our agreement with MCIT. The City of Perham is subject to the same counterclaims being covered by the League of Cities. If the Board makes a decision to reverse itself, there would be no need for a hearing. However, with a hearing, we would join in our request and we would probably have our Solid Waste Administrator, Tim Cadwallader testify.

I am not sending a copy of the counterclaim as you will be receiving that from Otter Tail County, but please ask the Board to review this. Thank you.

Sincerely,

Gaylord A. Saetre
Todd County Attorney

GAS/jme

cc: Jon Edin
Anthony Haasser, County Coordinator
Timothy Cadwallader

RECEIVED
JUN 2 0 2005
BY:_____

**EXHIBIT M**

JONATHAN A. EDIN
# WADENA COUNTY ATTORNEY

WADENA COUNTY COURTHOUSE
415 S. JEFFERSON STREET
WADENA, MN 56482
PHONE: 218-631-7739
FACSIMILE: 218-631-2054
E-MAIL: JON.EDIN@CO.WADENA.MN.US

DANIEL CARLISLE
ASSISTANT COUNTY ATTORNEY
SUE ANN LIND
7 COLFAX AVENUE S.W.
WADENA, MN 56482
PHONE: 218-631-1400

Mr. John Stein
Senior Claims Representative
Minnesota Counties Insurance Trust
100 Empire Drive, Suite 100
St. Paul, MN 55103-1885

June 17, 2005

RE: Your letter of June 8, 2005, re: denial of coverage
Barlow Projects, Inc.
Wadena County
File 102GL0508074JS

Dear Mr. Stein:

By this letter, Wadena County joins in the appeal and request for review as requested by Todd and Otter Tail Counties. We join Todd and Otter Tail counties in believing that our counterclaim defense should be covered in our agreement with MCIT, as the City of Perham has been granted coverage by the League of Cities. We concur in the analysis of Mr. Hauser of Otter Tail County in his June 16, 2005 letter to you. If there is the need for a hearing, Wadena County would probably have our Solid Waste Administrator, Deana Skov, testify. Thank you.

Respectfully,

Jonathan Edin
JAE
cc. Mr. David Hauser, Otter Tail County Attorney
Mr. Gaylord Saetre, Todd County Attorney
Ms. Deana Skov, Wadena County Solid Waste Administrator
Wadena County Board of Commissioners

RECEIVED
JUN 2 0 2005
BY:

**EXHIBIT N**