# BYLAWS

# OF THE

# MINNESOTA COUNTIES INSURANCE TRUST



EXHIBIT R

Revised November 12, 2004        1

# BYLAWS

## OF THE

## MINNESOTA COUNTIES INSURANCE TRUST

### ARTICLE I

### NAME

**Section 1.1 - Name of Organization**

The name of the self-insurance pool created pursuant to Minn. Stat. Sec. 471.59 and Minn. Stat. Sec. 471.981 is the MINNESOTA COUNTIES INSURANCE TRUST herein after referred to as the "Trust".

### ARTICLE II

### PURPOSE OF THE TRUST

**Section 2.1 - Purpose**

The purpose of the Trust is to establish a mechanism whereby participating Members may jointly:

A. Develop and administer a risk management program;

B. Prevent or lessen the frequency and severity of losses occurring in the operation of Member functions;

C. Defend and protect, in accordance with the Joint Powers Agreement, bylaws and coverage documents, any Member against stated liability or loss;

D. Provide a mechanism for the delivery of employee benefits including but not limited to group health insurance; and

E. Provide other similar or related services as determined by the Board.

**Section 2.2 - Trust Membership Not To Be Considered Insurance**

Participation in the Trust shall not constitute the procurement of insurance or operating an insurance business, unless specifically stated by resolution of the Board.

Revised November 12, 2004                               2

# ARTICLE III

# TERMS DEFINED

**Section 3.1 - Definitions**

For the purposes of these Bylaws, the terms shall have the meaning as provided below:

A. "Additional Insured" means an individual or entity that is not automatically included as a Member but for whom a Member's coverage document provides agreed coverage.

B. "Agreement" means the joint powers self-insurance agreement entered into by Members.

C. "Annual Renewal Notice" means a written notification to Members confirming continued membership qualification and contribution amounts payable to the Trust for the next plan year.

D. "Board" means collectively the Minnesota Counties Insurance Trust Board as created by the Agreement.

E. "Division" means a separate service or program unit within Trust.

F. "Financial Administrator" means a person qualified under Minn. Stat. Sec. 475.66 under contract with the Trust for investment of assets and other financial services.

G. "Fiscal Year" means the calendar year or other twelve (12) month period as designated by the Board.

H. "Member" means County Member, Sponsored Member, Associate Member or other class of member as defined in Article V of these Bylaws.

I. "Membership Class" means levels or types of membership within the Trust with differing Member rights, privileges or obligations.

J. "Plan Year" means the calendar year or other twelve (12) month period as designated by the Board.

K. "Service Company" means a person licensed under Minn. Stat. Sec. 60A.23, Subd. 8 that provides a full range of professional self-insurance pool services.

L. "Third-Party Administrator" means a person that provides claims administration services including but not limited to claims payment, billings, filing of required forms and reports, collections, accounting and auditing of funds.

M. "Person" means a natural person, partnership, association, corporation, legal representative, trustee, trustee in bankruptcy, receiver, and the State of Minnesota, other states or the United States government and their departments, agencies and political subdivisions.

## ARTICLE IV

## DIVISIONS

### Section 4.1 - Power to Create Divisions

The Board shall be empowered to create divisions within the Trust as needed for the separation of the Trust programs. The Board shall preside over and supervise the management, business and affairs of each division.

### Section 4.2 - Separation of Assets and Liabilities

The Trust shall separate each division within its financial accounting system. The assets of one division may not be used to satisfy the liabilities of another division.

## ARTICLE V

## MEMBERSHIP

### Section 5.1 - Eligibility

Membership in the Trust shall be open to any governmental unit, or other political subdivision as set forth in Minn. Stat. Sec. 471.59 Subd. 1, and Minn. Stat. Sec. 471.981, or other Persons that are determined by the Board to qualify for membership. The Board may impose such conditions on membership as it deems appropriate to protect the interests of the Trust and to provide for the benefit of its Members; and such conditions as are required by the Agreement, the Bylaws or by applicable statutes, rules or regulations. The Board, at its discretion, may create, modify or abolish classes, levels or types of membership within the Trust with differing Member rights, privileges or obligations.

### Section 5.2 – Participation Requirements

A. **Property Casualty and Workers' Compensation Divisions** - Members are required to participate in all applicable coverage provided by the Workers' Compensation and Property/Casualty Divisions. The requirement for full participation may be waived if MCIT determines that participation in all coverage is not in the best interest of the Trust.

B.  **Employee Benefits Division** - MCIT may offer several plans to members electing to participate in the Employee Benefit Division. MCIT may decline to offer participation in the Employee Benefits Division when it determines that it is not in the best interest of the Trust. MCIT may offer administrative services through the Employee Benefits Division for groups unable to obtain coverage elsewhere under such terms and conditions determined by MCIT.

### Section 5.3 - Loss of Membership Qualifications.

A Member shall cease to qualify for participation in the Trust when it fails to comply with the provisions of the Agreement, these Bylaws, Operating Policies and Procedures as may be promulgated by the Board or any other conditions imposed on membership by the Board. The Board shall determine loss of membership qualification. The Trust shall notify any Member that ceases to qualify for participation in writing. Such notification shall state the reason(s) for loss of qualification and the effective date of exclusion from the Trust. The Board shall have the authority to place a Member on probation, the terms and duration of which it shall determine.

MCIT may require that a county member of MCIT shall either be a member of AMC or shall pay to MCIT an additional sponsorship fee equal to the county's AMC dues exclusive of special assessment.

### Section 5.4 - Automatic Membership Renewal

A.  **Workers' Compensation and Property & Casualty Divisions** - Membership in the MCIT Workers' Compensation and Property and Casualty Divisions is automatically renewed for two (2) additional plan years upon receipt of the Annual Renewal Notice. Annual Renewal Notices shall be provided after August 1 and no later than August 15 prior to the beginning of the plan year.

B.  **Joint Employee Benefits Division (MCJEB)** - Membership in the Joint Employee Benefits Division is automatically renewed for each plan year upon receipt of the Annual Renewal Notice for the division. Annual Renewal Notices shall be provided after August 1 and not later than August 15 prior to the beginning of the plan year.

C.  **Other Divisions** - Rules and procedures concerning membership renewal in other divisions of the Trust, created pursuant to ARTICLE IV, may be promulgated by the Board.

### Section 5.5 - Withdrawal

A.  **Workers' Compensation and Property and Casualty Divisions** - No Member may withdraw from the Workers' Compensation and Property and Casualty Divisions, for a period of three (3) years after its initial entry into the Trust or division whichever is later.

B. A Member may, after the initial three years, withdraw from the Workers' Compensation and Property and Casualty Divisions upon written notice to the Board no later than August 1 of any plan year. Withdrawal is effective twenty four (24) months following the beginning of the next plan year. Annual Renewal Notices after notification of withdrawal will supply limited information.

A Member, with an annual contribution of up to $5,000 for the current plan year, may withdraw from the Workers' Compensation and Property and Casualty Division upon written notice to the Board no later than August 1 of any plan year. Withdrawal is effective the beginning of the next plan year. Members will not be allowed to renew participation in the MCIT for one-year following the effective date of withdrawal.

C. Members will not receive dividends during the withdrawal period.

D. **Joint Employee Benefits Division** - No member may withdraw from the Joint Employee Benefits Division for a period of two (2) years after its initial entry into the division. A member may, after the initial two years, withdraw from the Joint Employee Benefits Division upon written notice to the Board no later than June 1 of any plan year. If the member elects to continue participation for the next plan year after submission of intent to withdraw, a new membership period will begin commensurate with the start of the next plan year.

Members withdrawing from the Joint Employee Benefits Division are subject to assessment for adverse claim experience based on a calculation of claims paid minus funding during the period of participation.

E. **Other Divisions** - Rules and procedure concerning withdrawal from other divisions of the Trust created pursuant to ARTICLE IV, may be promulgated by the Board.

F. **Additional Insureds** - Additional Insureds are subject to the same withdrawal provisions as Members.

The withdrawal of a Member shall not affect the continuance of the Trust or any division of the Trust by the remaining Members. A Member that withdraws shall remain jointly and severally liable for all debts, obligations and liabilities that were incurred on its behalf or by the Trust during the term of its membership. The liability of a Member upon withdrawal shall be determined in accordance with the Bylaws and other applicable requirements. A Member that ceases to qualify for participation in the Trust or terminates participation shall have no right or claim to the reserves or other holdings of the Trust. The withdrawing Member may be entitled to a share of the assets of the Trust only if deemed appropriate by the Board. The Board at its sole discretion may determine the nature and timing of any distribution of assets to a withdrawing Member.

## Section 5.6 - Classes of Membership

The Trust provides for the following classes of membership:

A.  **County Members** - This class of Member shall include Minnesota Counties eligible and qualified for membership pursuant to Article V of these Bylaws that have entered into the Agreement.

B.  **Sponsored Members** - This class of Member shall include non-county Minnesota governmental units, Minnesota political subdivisions or other Persons eligible and qualified for membership pursuant to Article V of these Bylaws that have entered into the Agreement or other contract. This class of Member must be sponsored by a County Member or other eligible sponsor as determined by the Board. Sponsors shall assume no liability, cost or other obligation of the Sponsored Member. Sponsored Members shall lose their eligibility for participation in the Trust should their sponsor withdraw or terminate membership. The Board may promulgate procedures for sponsored membership.

C.  **Associate Members** - This class of Member shall include Persons that may be granted less than full membership or may receive special or limited service in the Trust as negotiated by the Board.

D.  **Such other classes of member as the Board deems appropriate.**

# ARTICLE VI

# ANNUAL MEETING

## Section 6.1 - Annual Meeting

There shall be an annual meeting of the Trust at a place and time as determined by the Board.

## Section 6.2 - Notice

Members shall be given adequate and timely notice of the annual meeting.

## Section 6.3 - Board of Directors Election

There shall be an election for the Trust Board of Directors at the annual meeting pursuant to ARTICLE VII of these Bylaws.

## Section 6.4 - Voting

Each County Member may cast one vote (1) for Board of Directors Elections and other matters that may require a vote of the Trust membership. Other classes of membership shall not be entitled to vote. Motions shall carry by a simple majority of County Members present and voting unless otherwise stated in the Agreement or Bylaws.

## Section 6.5 - Voting Delegates

Each County Member shall designate an official voting delegate and alternate. Only a designated voting delegate or alternate will be allowed to cast ballots on behalf of the County Member. There shall be no proxy voting.

## Section 6.6 - Agenda

The Board shall develop the agenda for the annual meeting. Any Member may request the addition of items to the agenda.

# ARTICLE VII

# BOARD

## Section 7.1 - General Powers

The Board shall have the power necessary to carry out the management, business and affairs of the Trust and such other powers as are necessary and convenient for the performance of the purposes set forth in the Agreement. Powers of the Board shall include but not be limited to:

A.   Exercise responsibility for the Trust's operation and financial condition;

B.   Collect contributions and paying authorized expenses;

C.   Invest Trust funds in accordance with investment guidelines and governing statute;

D.   Authorize changes in contribution, reserves or investment practices; and declaring assessments or dividends as appropriate;

E.   Establish loss control procedures and advice and educate Members in loss control and risk reduction;

F.   Promulgate and amend, as needed, Operating Policies and Procedures;

G. Act on applications for membership;

H. Terminate membership of any Member that does not qualify for participation;

I. Monitor compliance with statutes, rules and regulations applicable to the Trust.

J. Enter into contracts, leases or other agreements;

K. Rent, lease, purchase and otherwise procure or receive real or personal property; and

L. Employ personnel either as employees or by contract.

### Section 7.2 - Selection of Service Providers

The Board may select a Service Company, Claims Administrator, Financial Administrator and other service providers. The Board shall have sole discretion over the selection of service providers. The Board shall review the performance of service providers regularly.

### Section 7.3 - Board Size and Composition

The Board shall consist of nine (9) representatives from Members. The composition of the Board shall be:

A. Two (2) Board members representing the Association of Minnesota Counties.

B. Six (6) Board members selected at large by the County Members. Three of shall be county commissioners, two shall be either county commissioners or county auditors and one (1) shall be a county auditor.

C. One (1) Board member who shall be a county administrator or coordinator from a County Member.

Members of the Association of Minnesota County's Board shall not have majority representation on the Trust Board.

No County Member may have more than one Board Member.

### Section 7.4 - Appointment and Term of Office

A. **Association Appointment** - The appointment shall be made by the Association of Minnesota Counties Board of Directors upon recommendation of the Association's President. The appointees shall be county commissioners from Member Counties, serve for a term of two (2) years, be eligible for reappointment for successive two (2) year terms, and shall serve until his/her successor is

appointed. The term shall begin with the first full Board meeting following appointment.

B.  **Board members Elected at Large by the County Members** - The County Members shall elect the at-large members to the Board at an annual meeting of the Trust. Individuals shall be elected for a term of four (4) years and shall be eligible for re-election for successive terms and shall serve until a successor is elected. The term shall begin with the first full Board meeting following election.

C.  **County Administrator or Coordinator** - Appointment shall be made by the Trust Chair upon recommendation of the Minnesota Association of County Administrators. The appointee shall serve for a term of two (2) years, be eligible for reappointment for successive two (2) year terms, and shall serve until his/her successor is appointed. The term shall begin with the first full Board meeting following appointment.

D.  **Vacancy**

   1.  Association Board Members - Vacancies may be filled by appointment of the Sponsoring Association for the remainder of the term as set-forth in ARTICLE VII - 7.4 (A).

   2.  "At Large" Board Members - Vacancies shall be filled by appointment of the remaining members of the Board until the next annual meeting of the Trust at which time the unexpired term shall be filled by election.

   3.  County Administrator or Coordinator Board Members - Vacancies may be filled by appointment of the Trust Chair for the remainder of the term as set-forth in ARTICLE VII - 7.4 (C).

## Section 7.5 - Nominating Committee

The Trust Chair shall appoint a Nominating Committee consisting of three (3) Board Members. The Committee may:

A.  Solicit candidates for the Board.

B.  Review the qualifications of Board candidates.

C.  Prepare a Nominating Committee Report and place the names of candidates in nomination for election as "at large" Board Members.

D.  Make recommendations to the Association of Minnesota Counties regarding the Association Appointed Board Members.

### Section 7.6 - Voting

Each member of the Board shall be entitled to one (1) vote. There shall be no proxy voting. All motions shall be carried by simple majority unless otherwise provided by these Bylaws.

### Section 7.7 - Compensation of the Board

The Board shall annually establish reasonable compensation and reimbursement for service by board members.

### Section 7.8 - Meetings

The Board may set the time and place for holding regular meetings of the Board. The Board shall provide for adequate and timely notice of the meeting. Special meetings of the Board may be called by or at the request of the Chair, or in his absence, the Vice Chair, or any two (2) members of the Board.

### Section 7.9 - Quorum

Five (5) members of the Board shall constitute a quorum for the transaction of business at any meeting of the Board.

### Section 7.10 - Manner of Acting

The act of a majority of the members present at a meeting at which a quorum is present shall be the act of the Board, unless a greater number is required by law, the Agreement or by these Bylaws.

### Section 7.11 – Resolving Member Disputes, Appeals and Requests for Variance

The Board has sole responsibility for resolving Member disputes, including but not limited to coverage (decisions to defend or not defend and/or indemnify), membership status, dividends or assessments and Trust dissolution. A Member may, in writing addressed to the MCIT Executive Director, request a hearing regarding a dispute.

1. Disputes involving an MCIT decision to defend or not defend and/or indemnify the following process shall apply:

    a. The Member shall submit to the Board or their designee a written Notice of Appeal within 21 calendar days of the date of the decision that is appealed. The Notice of Appeal shall contain the following:

        (1). Identification of the decision being appealed.

        (2). A statement of the issue(s) for the Board's consideration, including

        copies of all document, letters and other items relevant to the appeal.

    (3).    A summary of the position and arguments of the Member.

    (4).    The disposition requested by the Member.

    (5).    The anticipated length of hearing including a list of all witnesses and presenters to be utilized by the Member at the hearing.

b.    Upon receipt of the Notice of Appeal, the Board or the designee shall set a date and time for hearing, and notify the appealing Member of the same.

c.    The hearing of the appeal shall be conducted as follows:

    (1).    The Member shall make its presentation to the Board. The Member may present oral and/or written argument, and may submit whatever documentation it determines appropriate, including proposed Findings of Fact and Conclusions.

    (2).    MCIT staff shall then present the argument and documentation in support of the decision being appealed, including proposed Findings of Fact and Conclusions

    (3).    The hearing shall be recorded. The record shall be preserved by MCIT for at least 24 months from the date of the Board's decision concerning the appeal.

    (4).    At the conclusion of the presentations, the Board shall deliberate and make a determination. The Board shall adopt written Findings of Fact and Conclusions in support of its decision.

        The Member shall be notified of the Board's decision within 90 days of the close of the hearing.

    (5).    All notices of appeal regarding a request of a variance of the Coverage Document shall follow the same procedures set forth above.

        A member may request that the Board provide a variance from the terms of the Agreement, Bylaws, and Coverage Document. Such request shall identify that the member seeks a variance and does not dispute the basis for the decision; and sets forth the reasons that a variance is necessary

All decisions of the Board shall be final and binding on the Member and the Board, subject to the terms of the Agreement, Bylaws and Coverage Document.

## Section 7.12 - Committees

The Board may create or dissolve committees as needed for the orderly operation of the Trust. The Board Chair may appoint committee members. The Chair may also appoint persons to represent the Trust with other organizations.

# ARTICLE VIII

# OFFICERS

## Section 8.1 - Election of Officers/Organizational Meeting.

The annual organizational meeting of the Board shall be the first Board meeting of the plan year. There shall be elected from within the membership of the Board, a Chair, a Vice Chair and Secretary-Treasurer. These officers shall have the authority to act in those circumstances and on those matters as specified in the Agreement, in these Bylaws or as directed by the Board.

## Section 8.2 - Term of Office

Each officer elected shall serve until the next annual organizational meeting of the Board, be eligible for re-election for successive terms, or until a successor is elected.

## Section 8.3 - Vacancy

Vacancies shall be filled by election of the Board until the next annual organizational meeting of the Board

## Section 8.4 - Duties of Officers

The officers of the Board shall have the following duties as specified herein:

A.  **Chair** - The Chair shall preside at all meetings of the Board and perform the usual duties of the Chair. The Chair, alone or together with such other officer or officers as the Board may designate by resolution, may sign any contracts or other instruments which the Board has authorized to be executed; and, in general, the Chair shall perform all duties incident to the office of Chair and such other duties as may be prescribed by the Board from time to time.

B.  **Vice Chair** - In the absence of the Chair, or in the event of his inability or refusal to act, the Vice Chair shall perform the duties of the Chair.

B. **Secretary-Treasurer** - The Secretary-Treasurer shall keep the minutes of Trust and Trust Board meetings, monitor the status and condition of the Trust Fund established in ARTICLE XII and make regular reports to the Board and Trust membership.

## ARTICLE IX

## INDEMNIFICATION

The Trust shall indemnify the Board and staff, including the Trust Director, pursuant to Minn. Stat. Section 466.05

## ARTICLE X

## OBLIGATION OF MEMBERS

### Section 10.1 - Obligations of Members

The obligations of the Members shall be:

A. To appropriate for and to promptly pay all annual and supplementary or other payments to the Trust at such times and in such amounts as established by the Board;

B. To allow the Trust and its agents reasonable access to all facilities of the Member and all records, including financial records, which relate to the purposes and powers of the Trust;

C. To provide attorneys and other persons employed by the Trust to represent the Member in investigation, settlement discussions and all levels of litigation arising out of any claim made against the Member within the scope of loss protection afforded by the Trust;

D. To provide full cooperation with the Trust's attorneys, claims adjusters, the Service Company and any agent, employee, officer or independent contractor of the Trust relating to the purposes and powers of the Trust;

E. To follow, in its operation, loss reduction and prevention procedures established by the Trust within its purposes and powers;

F. To furnish the Trust with budget information and an audit prepared by the Office of the State Auditor or Certified Public Accountant of all revenue and expenses of the Member;

G.  To report to the Trust, as promptly as possible, all incidents that may result in a claim against the Member within the scope of loss protection afforded by the Trust.

## ARTICLE XI

## ASSESSMENTS

### Section 11.1 - Assessment for Deficits

The amount of any liabilities in excess of assets, in any division of the Trust, shall be assessed to the appropriate Members of the Trust in a form, manner and amount as determined by the Board.

### Section 11.2 - Other Assessments

The Board may, at its discretion, determine that an assessment is necessary to insure the financial integrity of the Trust, to operate and maintain the Trust or to carry out other purposes of the Trust pursuant to the Agreement. Such assessments shall be in accordance with guidelines adopted by the Board.

## ARTICLE XII

## TRUST FUND

### Section 12.1 - Member Contributions

The Fund shall consist of all Member contributions in such amounts as determined by the Board. Each Member's contribution shall be determined in accordance with underwriting and rating guidelines adopted by the Board.

### Section 12.2 - Reserves

The Trust shall establish reserves based on actuarial principles for all incurred losses, both reported and unreported. Such reserves shall be held in the Fund.

### Section 12.3 - Uses of the Fund

The Board may use the Fund to procure excess insurance, reinsurance, administrative expenses, mandated contributions to State funds, and other expenses that the Board deems appropriate for the establishment and administration of the Trust. The Fund shall also be used for the payment of losses in accordance with the coverage document and other terms and conditions promulgated by the Board.

### Section 12.4 - Trust Surplus

In the event that the assets, in any division of the Trust, are determined to be more than sufficient to meet liabilities and maintain prudent reserves, such surplus assets may be returned to Members; credited toward future annual payments or otherwise utilized in accordance with guidelines adopted by the Board.

### Section 12.5 - Audits

The Board shall perform an annual audit of the financial affairs of the Trust to be made by an independent Certified Public Accountant at the end of each fiscal year in accordance with generally accepted auditing principles.

## ARTICLE XIII

## REINSURANCE OR EXCESS INSURANCE

### Section 13.1 - Reinsurance or Excess Insurance

The Trust may obtain reinsurance or excess insurance or participate in pools or other risk transfer mechanisms to protect the Trust from catastrophic losses.

## ARTICLE XIV

## AMENDMENT

### Section 14.1 - By the Board

The Board shall have the power to amend the Bylaws. Amendments to the Bylaws may be proposed by any Member of the Board or by any Trust Member. A majority vote of the Board is required for approval of an amendment.

### Section 14.2 - By County Membership

The County Members shall have the power to amend the Bylaws at the Annual Meeting of the Trust. Proposed amendments must be provided to the County Members at least thirty (30) days prior to the Annual Meeting at which the proposed amendment is to be considered. A majority vote of the County Members is required for the approval of an amendment.

# ARTICLE XV

## TERMINATION

### Section 15.1 - Termination

The Agreement shall remain in effect until:

A. Terminated by the mutual consent of the County Members;

B. Suspended or superseded by a subsequent agreement between the Members, or

C. Terminated by operation of law.

### Section 15.2 - Distribution of Assets

In the event that the Trust is terminated, any property or other assets acquired by the Board shall be distributed to the Members in accordance with polices adopted by the Board. However, sufficient reserves shall be retained and maintained consistent with the Trust's obligations and known or foreseeable risks, under the Agreement, the Bylaws, and applicable laws or regulations.